## UNITED STATES ex rel. COBURN v. WORK, Secretary of the Interior.

Court of Appeals of District of Columbia.
Submitted March 7, 1927.   Decided
April 4, 1927.

No. 4531.

Mandamus 🗝105—Denial to unenrolled Wisconsin Chippewa of participation in annuities payable to Minnesota Chippewas held neither arbitrary nor capricious, and not reviewable in mandamus (Act Jan. 14, 1889 [25 Stat. 642]).

Ruling of Department of the Interior denying one unenrolled as a member of the Fond du Lac band of Chippewa Indians in Wisconsin right to participate in annuities payable to Chippewa Indians in Minnesota under Act Jan. 14, 1889 (25 Stat. 642), held neither arbitrary nor capricious, and hence not reviewable in mandamus proceeding to compel Secretary of the Interior to pay accrued annuities.

Appeal from the Supreme Court of the District of Columbia.

Mandamus by the United States, on the relation of Emma Coburn, against Hubert Work, Secretary of the Interior. Judgment for defendant, and relator appeals. Affirmed.

Dennison Wheelock, of Washington, D. C., for appellant.

O. H. Graves, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia denying appellant's petition for mandamus to direct the Secretary of the Interior to pay appellant alleged accrued annuities under the Act of January 14, 1889, 25 Stat. 642.

The case was disposed of under an agreed statement of facts, from which it appears that the plaintiff, appellant here, was born in the state of Wisconsin in 1856, where she was enrolled as a member of the Fond du Lac band of Chippewa Indians, and that "neither the plaintiff, Emma Coburn, nor her mother, Angelic Fregeau, nor any of plaintiff's ancestors, was recognized, enrolled, or otherwise connected with any of the bands of Chippewa Indians in Minnesota, * * * and neither plaintiff nor her mother is now, nor has ever been, a resident of the state of Minnesota."

The department ruled that the benefits of the act of 1889, the provisions of which we have briefly reviewed in another case just decided (Appeal No. 4521, Work v. U. S. Ex rel. Gouin, —— App. D. C. ——, 18 F. [2d] 820), were restricted to Minnesota Chippewas, and this was the view of the Circuit Court of Appeals of the Eighth Judicial Circuit in Oakes v. U. S., 172 F. 305. That there was a substantial basis for the ruling of the department is apparent. The ruling, therefore, was neither arbitrary nor capricious, and hence not subject to review through mandamus. Morrison v. Work, 266 U. S. 481, 45 S. Ct. 149, 69 L. Ed. 394; Work v. Rives, 267 U. S. 175, 45 S. Ct. 252, 69 L. Ed. 561.

The decision is affirmed, with costs.
Affirmed.